UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VARLAM MUMLADZE,<br>*Petitioner*,<br>– against –<br>RAUL MALDONADO, JR., in his official capacity as Warden of Metropolitan Detention Center, Brooklyn,<br>*Respondent*. | **MEMORANDUM & ORDER**<br>26-cv-06358 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

On September 8, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Varlam Mumladze when he appeared for an immigration check-in appointment. Resp. 4, ECF No. 6.[1] Petitioner is currently being detained by respondent at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. 1, ECF No. 1; Resp. 4. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is allegedly a Georgian national. Resp. 1. According to the government, he entered the United States without inspection at or near San Luis, Arizona, on July 1, 2022. Resp. 1. He was apprehended there by Customs and Border Patrol ("CBP"). Resp. 1. The next day, CBP issued him a Notice to Appear ("NTA") charging him with being inadmissible because he had entered without inspection. Resp. 2. The day after that, he

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

was released on his own recognizance under a Form I-220A, Order of Release on Recognizance ("OREC"). Resp. 2. Following his release, petitioner traveled to New York. Resp. 2. Removal proceedings were initiated against him there on August 12, 2022, and remain ongoing. Resp. 2–3, 4.

On August 17, 2026, ICE mailed petitioner a "Call in Letter" instructing him to report for a check-in with immigration authorities on September 8, 2026. Resp. 3. Petitioner appeared for that check-in as instructed. Resp. 3. When he arrived, ICE officers confirmed his identity and promptly arrested him. Resp. 3–4. He was processed at a holding facility in Manhattan before being transferred to MDC, where he remains detained today. Resp. 4.

Petitioner commenced the instant action on October 2, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. Three days later, the Court issued an order directing respondent to submit a letter stating: (1) the statutory provision(s) under which respondent asserts the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.J.S.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 3.

On October 13, 2026, the government filed a response stating that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A). Resp. 4. The government further argues that *da Cunha* "does not squarely govern" this case because it did not address noncitizens who were released into the country after being apprehended shortly following their entry without inspection. Resp. 4. Despite that contention, however, the government acknowledges that this Court has previously held that under *da Cunha*, when a noncitizen is released on parole, and that parole later lapses—circumstances which the government concedes are not materially different than release on recognizance—the noncitizen cannot be subject to mandatory detention under 8 U.S.C. § 1225(b). Resp. 4–5 (citing *V.A.S.R. v. Genalo*, 2026 WL 3025950 (E.D.N.Y. Oct. 8, 2026) and *R.M.R. v. Genalo*, 2026 WL 2211009 (E.D.N.Y. Jul. 31, 2026)).

Petitioner has replied, urging the Court to follow *V.A.S.R.* and *R.M.R.*, grant his petition, and order his release. Reply 4, ECF No. 8.

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).[2] Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

## DISCUSSION

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *See* Pet. 7 (challenging his detention under 8 U.S.C. § 1225(b)(2), the lack of a bond hearing in his case, and the proper allocation of the burden of proof regarding the permissibility of detention in his case). The government concedes that this case is not materially distinguishable from this Court's decisions in *V.A.S.R.* and *R.M.R.* Resp. 5.

Accordingly, for the reasons stated by this Court in *V.A.S.R.* and *R.M.R.*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment.[3] *See V.A.S.R.*, 2026 WL 3025950, at *2–3; *R.M.R.,* 2026 WL 2211009, at *2–5; *see also Mora Alvarez*, 2026 WL 2295454, at *2–3; *Olivier v. Mullin*, 2026 WL 2350274, at *2 (E.D.N.Y. Aug. 13, 2026)*; Rivera Casallos v. Maldonado*, 2026 WL 2267789, at *4–5 (E.D.N.Y. Aug. 6, 2026)*; Robles Escalona v. Warden, MDC Brooklyn*, 2026 WL 2018505, at *3 (E.D.N.Y. July 13, 2026).

Moreover, as this Court discussed in *R.M.R.*, respondent's argument that *da Cunha* is distinguishable, Resp. 4, ignores the reality that petitioner here is not "requesting lawful entry into the United States—he is, in fact, already in the country, and has been for multiple years[.]" *R.M.R.*, 2026 WL 2211009, at *3. Like the noncitizen in *da Cunha*, and the

---

[3] For the avoidance of doubt, the Court does not address any legal or factual argument that respondent does not raise here or did not raise in his briefing in *V.A.S.R.* and *R.M.R. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

Court's prior opinions in *R.M.R., V.A.S.R.*, and others, petitioner here "is . . . no longer seeking admission; he is here." *Robles Escalona*, 2026 WL 2018505, at *3. Thus, Section 1225(b)(2)(A) cannot apply to him. *da Cunha*, 175 F.4th at 74.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

**CONCLUSION**

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause of the United States Constitution. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondent is directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on October 16, 2026, certifying his compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *2 (E.D.N.Y. Feb. 6, 2026). This Order includes "an injunction barring deprivation of

[petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: October 15, 2026
Brooklyn, New York